**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BETTY CAULER,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **No. 15-cv-01082** |
| **LEHIGH VALLEY HOSPITAL, INC., d/b/a LEHIGH VALLEY HOSPITAL & HEALTH NETWORK,** | : | |
| **Defendant.** | : | |

# MEMORANDUM

**Stengel, J.** **May 14, 2015**

This is an age discrimination case involving a former temporary employee assigned to work at Lehigh Valley Hospital and Health Network through a staffing agency. The plaintiff alleges she was not hired full-time by the defendant because of her age and then was terminated from her job with the staffing agency after she complained about the initial age discrimination. The defendant has moved to dismiss under Rule 12(b)(6). For the reasons explained below, I will grant this motion and dismiss the plaintiff's complaint.

## I. BACKGROUND[1]

Plaintiff Betty Cauler, 62, began working for Aaron Resources, an employment agency, in February 2011. Aaron assigned her to work at Defendant Lehigh Valley Hospital and Health Network (LVHN) as a temporary part-time Standardized

[1] The information contained in this section is taken from the complaint unless otherwise noted.

Patient/Simulation Technician.[2] Aaron "had an on-going business relationship" with LVHN to provide staffing.[3] The plaintiff allegedly received compliments on her performance from the doctors with which she worked.

In June 2012, the defendant sought to hire a full-time Simulation Technician. This position entailed the same work the plaintiff was already doing at LVHN through Aaron. The plaintiff told Deborah Arnold, her supervisor at LVHN, that she planned to apply for the position. Arnold "told her that she should not apply." The plaintiff applied for the job anyway in July 2012. She did not get the job. Instead, LVHN offered the position to three "substantially younger employees, all junior, in seniority" to the plaintiff.[4] One accepted the position.

Allegedly, Deborah Arnold "sabotaged" the plaintiff's application because she "wanted a younger employe[e] for this job." When Ms. Cauler did not get the job, she complained to Arnold's supervisor, an employee of LVHN, that she was being discriminated against.[5]

---

[2] See Doc. No. 8, Ex. A (EEOC charge).

[3] The complaint alleges that Aaron provided LVHN with "employees." This term appears to be used colloquially, and not legally. Aaron is a staffing agency providing temporary workers, temporary-to-hire workers, and direct placements of workers. See http://aaronjobs.com/aaron-resources. See also FED. R. EVID. 201(b). The complaint does not offer facts to establish that the workers provided by Aaron were necessarily "employees" of LVHN.

[4] See EEOC charge, Doc. No. 8, Ex. A. The complaint does not mention the fact that three other employees were offered the position. It simply states that a "substantially younger employee" was hired. See Compl., Doc. No. 1 at ¶ 19.

[5] The complaint does not state that she complained that the failure to hire her was discriminatory. However, the plaintiff's EEOC charge does indicate that this complaint was "about discrimination." See Doc. No. 8, Ex. A.

On August 23, 2012, Ms. Cauler was terminated from her position at Aaron and LVHN.[6] Allegedly, LVHN "encouraged Aaron Resources to terminate Plaintiff's [e]mployment with Aaron Resources, or risk their contract with Defendant, LVHN."

The plaintiff filed an EEOC charge against LVHN on November 8, 2012—within 300 days of the alleged discrimination.[7] She received her Right-to-Sue letter on January 12, 2015. She filed this action on March 3, 2015, claiming that she was discriminated and retaliated against by LVHN under the Age Discrimination in Employment Act (ADEA). The plaintiff seeks lost earnings, benefits, and reinstatement to her previous position as a Simulation Technician.[8] The defendant moves to dismiss the complaint under Rule 12(b)(6).

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.[9] Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative.

---

[6] The complaint states that this date is April 23, 2012. Compl., Doc. No. 1 at ¶ 28. However, in the plaintiff's response to this motion, she states the date is August 23, 2012. Doc. No. 12 at 2. Her EEOC charge indicates that the date is August 23, 2012. See Doc. No. 8, Ex. A. Her EEOC charge also indicates that she was fired after complaining about not receiving the job. I will consider August 23, 2012 to be the date of termination in light of all of the information provided. If the complaint survives this motion, the plaintiff will be permitted to amend the complaint to correct this error.

[7] See Doc. No. 8, Ex. A.

[8] It is not clear from the complaint whether she seeks this relief as an employee of Aaron assigned to LVHN or she wants the full-time position working directly with LVHN, into which she was not hired.

[9] In deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. Id.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

## III. DISCUSSION[10]

### a. Count I: Age Discrimination

[10] This court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. Venue is appropriate under 28 U.S.C. § 1391(b)(1) and (2).

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age…" 29 U.S.C. § 623(a)(1). The plaintiff must show that age was the "but for" cause of the adverse action. Gross v. FBL Financial Servs., Inc., 557 U.S. 167, 176 (2009). To make out a *prima facie* failure-to-hire claim under the ADEA, the plaintiff must plead that: (1) she is forty years of age or older; (2) she was qualified for the position in question; (3) she was not selected for the position; and (4) circumstances giving rise to an inference of discrimination accompanied the failure to hire her. Landmesser v. Hazleton Area Sch. Dist., 574 F. App'x 188, 189 (3d Cir. 2014)(citing Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003)).

It is clear the plaintiff is over 40 years old and that she was not hired for the Simulation Technician position after applying for it. Ms. Cauler alleges that she was qualified for the position because "it was the same exact job she was performing as an Aaron Resources employee for Defendant, LVHN." Compl., Doc. No. 1 at ¶ 20. Ms. Cauler allegedly worked in this position as an Arnold employee for almost a year and half before applying for the same position with LVHN. Id. at ¶¶ 6, 9. She also claims she "received many accreditations from the doctors who worked with her."[11] Id. at ¶ 8. These doctors encouraged her to apply for the position. Id. at ¶ 10. Viewing these facts in the

[11] She also alleges her "performance was superb" without any reference to the source of this commendation. Without offering the factual context of this assertion (i.e. it was a comment made in a performance review or by a supervisor), I cannot say it is a "factual allegation" to which I can give credit. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

light most favorable to the plaintiff, it appears that she was qualified for the Simulation Technician position.

The plaintiff, however, offers no facts from which I can infer that she was not hired based on age discrimination. To support the idea that age discrimination was the "but for" reason for LVHN's failure to hire her, she simply states that a "substantially younger" person was hired instead. The age of this person or even an estimated age of this person is not pled. The qualifications of this person are not alleged.[12] Whether this person was similar to the plaintiff (i.e. a comparator who was treated differently) was not alleged.[13] While the plaintiff does not have to establish all of the elements of the *prima facie* case, she is at least expected to offer enough factual evidence to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(quoting Twombly, 550 U.S. at 556). Simply stating that a "substantially younger" person was hired instead of the plaintiff is not enough to show an inference of discrimination. This is a legal conclusion, not a factual allegation. See Sempier v. Johnson & Higgins, 45 F.3d 724, 729 (3d Cir. 1995)(explaining how the determination of whether an employee is "sufficiently

[12] The plaintiff's EEOC charge states that these individuals were "junior, in seniority, to [the plaintiff]." Doc. No. 8, Ex. A. What that exactly means is highly speculative. No further facts to explain this point are offered in the charge or the complaint.

[13] This point is especially important. Ms. Cauler was employed at LVHN through Arnold Resources as a temporary worker. The status of the "substantially younger" employee who was hired and the other two "substantially younger" employees who were offered the job was also not alleged. If the other employees were employees of LVHN and not Arnold, they may not be similarly situated to Ms. Cauler. See Gladden v. Vilsack, No. 11–3001, 483 Fed.Appx. 664, 665 (3d Cir. Apr. 27, 2012)("He complained that he was not hired because federal employees were considered before outside candidates. He did not allege that he was treated differently from others who applied through the same job announcement that he used, which was for persons other than federal employees."); Brown v. J. Kaz, Inc., 581 F.3d 175, 180-81 (3d Cir. 2009)(affirming district court's dismissal of Title VII claim because plaintiff was an independent contractor and not an employee). Factual allegations to support any sort of comparator analysis are simply not provided.

younger" is made by the fact-finder in looking at the ages of both the plaintiff and the employee who was hired and the other circumstances of the case)(citations omitted); Ashcroft v. Iqbal, 556 U.S. 662, 681-82 (2009).[14]

Because the plaintiff has failed to offer any facts to support an inference of discrimination, she has failed to state a claim of age discrimination. See Gladden v. Solis, No. 11–3120, 490 Fed.Appx. 411, 412 (3d Cir. Jul 24, 2012)("Gladden did not otherwise raise the inference that the decision was based on discriminatory grounds.").[15] Count I will be dismissed.

**b. Count II: Retaliation**

The ADEA provides, in relevant part, that "[i]t shall be unlawful for an employer to discriminate against any of his employees . . . because such individual, . . . has opposed any practice made unlawful by this section." 29 U.S.C. § 623(d). To state a claim of retaliation under the ADEA, the plaintiff must allege that: 1) she engaged in protected activity; 2) she was subject to an adverse action; and 3) there was a causal connection

---

[14] See also Steward v. Sears Roebuck & Co., No. 06-3360, 231 Fed. Appx. 201, 209 (3rd Cir. Aug. 14, 2007)("*The Court* concluded that the 6.75 year average age difference between Steward and the comparators was insufficient to establish a prima facie case of age discrimination because the comparators were not 'sufficiently younger' than Steward to permit an inference of discrimination." (emphasis added)); Sempier, 45 F.3d at 729 ("Different *courts* have held, for instance, that a five year difference can be sufficient, Douglas v. Anderson, 656 F.2d 528, 533 (9th Cir.1981), but that a one year difference cannot. Gray, 957 F.2d at 1087."(emphasis added)).

[15] See also Adams v. Lafayette College, No. 09–3008, 2009 WL 2777312, at *4 (E.D. Pa. Aug. 31, 2009)("Disparate treatment of otherwise similarly situated individuals is an integral facet of the employment discrimination claim. Simply attempting to state that such individuals experience different treatment is no more sufficient than pleading the element in abstract."); Gordon v. PPL Corp., No. 10–CV– 03420–LS, 2011 WL 1325993, at (E.D. Pa. Apr. 7, 2011)("Mr. Gordon presents no facts to suggest age was a factor in any employment decision and no facts to suggest younger employees were treated more favorably."); Lapcevic v. Strive Enterprises, Inc., 09–cv–00564, 2010 WL 1816752, at *6 (W.D. Pa. Apr. 8, 2010), *adopted by*, 2010 WL 1816749 (W.D. Pa. May 3, 2010)("Plaintiff merely set forth allegations consisting of labels and legal conclusions, which are insufficient to survive a motion to dismiss."); Pekar v. U.S. Steel/Edgar Thomson Works, No. 09–844, 2010 WL 419421, at *8 (W.D. Pa. Jan. 29, 2010)("He does not, however, provide any factual basis for his assertion that his *age* was a motivating factor in Defendant's decision, separate from any correlation his age may have with his benefits." (emphasis in original)).

between the protected activity and the adverse action. Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005). The ADEA only prohibits "age discrimination by employers against *employees* and applicants for employment." E.E.O.C. v. Zippo Mfg. Co., 713 F.2d 32, 35 (3d Cir. 1983)(quoting Levine v. Fairleigh Dickinson University, 646 F.2d 825, 828 (3d Cir.1981))(emphasis added)(quotation marks omitted).

To support her retaliation claim, the plaintiff offers two facts: 1) she was terminated from her position at LVHN and with Aaron on August 23, 2012; and 2) her termination was after she complained to Arnold's supervisor that she had been discriminated against based on age. Compl., Doc. No. 1 at ¶¶ 28, 29.

The plaintiff, however, has not alleged she is an employee of LVHN. Instead, her allegations show she is an employee of Aaron Resources, which is not a defendant in this case. Though LVHN qualifies as an employer under the statutory definition of the ADEA, this alone does not make the plaintiff an employee of LVHN. See Shah v. Bank of America, No. 09–1652, 346 Fed.Appx. 831, 834 (3d Cir. Sept. 8, 2009). In order to determine whether a person is an employee for purposes of the ADEA, the common law of agency and the traditional master-servant doctrine applies. See Scott v. UPS Supply Chain Solutions, No. 12–2886, 523 Fed.Appx. 911, 912-13 (3d Cir. May 3, 2013)(citing Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322–24, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)); Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 127–28 n. 5 (3d Cir. 1998)(explaining how the definition of "employee" is the same under Title VII, the ADEA, and ADA). See also E.E.O.C. v. Zippo Mfg. Co., 713 F.2d 32, 37-39 (3d Cir. 1983)(adopting Title VII test of determining "employee" status in the context of the

ADEA). Essentially, the plaintiff must allege that LVHN has sufficient control over the working relationship to be considered her "employer." See Shah v. Wisconsin, No. 11–0419, 2011 WL 5192127, at *3 (D.N.J. Oct. 31, 2011)("Numerous factors should be taken into consideration in making this determination, but the control of one party by another is paramount.").[16]

Fields v. Colgate Palmolive Co. offers insight in this regard. No. 10–365, 2010 WL 5252537, at *4-5 (D.N.J. Dec. 15, 2010). Mr. Fields was assigned to work at Colgate by Adecco Employment Services, a temporary employment agency. Id. at *1. He worked as a chemist at Colgate through Adecco starting in October 2007. Id. In June 2008, Fields applied for a permanent position as a chemist at Colgate. Id. Another candidate was chosen to fill the position in October 2008. Id. In January 2009, Adecco terminated Fields

[16] When a temporary worker placed through an employment agency is terminated from a position with the company of placement, Shah v. Bank of America instructs courts to use the factors provided in Nationwide Mut. Ins. Co. v. Darden to analyze the extent of control a company may have over a worker in order to define their employment relationship. See Shah, No. 09–1652, 346 Fed.Appx. 831, 834 (3d Cir. Sept. 8, 2009). See also Faush v. Tuesday Morning, Inc., 995 F.Supp.2d 350, 355-56 (E.D. Pa. 2014)(explaining why Darden test applies and not co-employer test). A court should typically consider: 1) the defendant's right to control the manner and means of the plaintiff's work product; 2) the skill required for the position; 3) the source of the tools or instruments used by the plaintiff in performing his work; 4) the location of the work; 5) the duration of the relationship between the parties; 6) whether the defendant had the right to assign additional duties to the plaintiff; 7) the defendant's discretion over when and how long the plaintiff worked; 8) how the plaintiff was paid; 9) the defendant's role in hiring and paying assistants; 10) whether the work is part of the regular business of the defendant; 11) whether the defendant is in business; 12) whether the defendant provides the plaintiff with benefits; and 13) the tax treatment of the plaintiff. Shah, 346 Fed.Appx. at 834 (quoting Darden, 503 U.S. at 323–24). District courts in this Circuit have considered facts related to these factors to determine if a defendant is an "employer" in similar employment discrimination cases involving workers employed through a staffing agency. See, e.g., Fields v. Colgate Palmolive Co., No. 10–365, 2010 WL 5252537, at *4-5 (D.N.J. Dec. 15, 2010)(citing Shah), Faush v. Tuesday Morning, Inc., 995 F.Supp.2d 350, 354-57 (E.D. Pa. 2014)(citing Shah); Scott v. UPS Supply Chain Solutions, No. 10–929–RGA, 2012 WL 2016820, at *4-6 (D.Del. Jun. 5, 2012)(finding that plaintiff's assignment by Kelly Services as a temporary worker for UPS did not qualify as an employee-employer relationship)(citing Shah).

While I agree that this analysis is helpful in defining that relationship, I am unable to conduct such an analysis here because the plaintiff's factual allegations are so sparse. However, her allegations clearly show that Aaron, not LVHN, had control over her employment, not LVHN. It is the plaintiff's burden to offer enough facts to support the legal elements of her claim, including the employment relationship between the parties, not the court's burden to speculate about what those facts might be. See Ashcroft v. Iqbal, 556 U.S. 662, 681-82 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

from his position with Colgate. Id. Fields claimed this termination was based on wrongful discrimination under Title VII. Id. at *4. The court dismissed Fields' wrongful termination claim against Colgate because Fields was never an employee of Colgate. Id. ("Plaintiff's relationship with the Temporary Employment Agency-and Plaintiff's lack of a formal relationship with Defendant-signifies that Plaintiff was not an employee of Defendant."). The court pointed to allegations in Fields' complaint which showed that Adecco, not Colgate, controlled Fields' employment. Id. ("Plaintiff's Charge indicates that it was the Temporary Employment Agency and not Defendant-that governed all aspects of Plaintiff's employment: 'In October 2007, *I was placed by Adecco* ['the Temporary Employment Agency'] to work with [Defendant].' … Similarly, Plaintiff notes that Plaintiff '*was notified by Adecco* that [Defendant] no longer required [Plaintiff's] services.'")(emphasis in original)).

The same is true in this case. The plaintiff does not allege that she was an employee of LVHN or that LVHN had the authority to terminate the plaintiff's employment.[17] Instead, the plaintiff alleges that LVHN "encouraged *Aaron Resources* to terminate Plaintiff's [e]mployment *with Aaron Resources*, or risk their contract with

[17] See Shah v. Bank of America, No. 09–1652, 346 Fed.Appx. 831, 833 (3d Cir. Sept. 8, 2009)("To establish a claim under Title VII of the Civil Rights Act, Shah must first establish that he in fact was an employee of BOA, and not of Adecco, his temporary staffing agency. See also Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 127–28 n. 5 (3d Cir. 1998)(stating that, as under Title VII, "independent contractors are not employees within the meaning of the ADEA")(Scirica, J., concurring in part, dissenting in part)…"(citation omitted)); Scott v. UPS Supply Chain Solutions, No. 12–2886, 523 Fed.Appx. 911, 912 (3d Cir. May 3, 2013)("The issue is whether the facts establish that Scott was, or was not, an employee of UPS as a matter of law. To assert a claim under Title VII of the Civil Rights Act, Scott must first prove that he was an employee of UPS, and not of Kelly Services, his temporary staffing agency.")(citing Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 127–28 n. 5 (3d Cir. 1998)); Scott v. UPS Supply Chain Solutions, No. 10–929–RGA, 2012 WL 2016820, at *4-6 (D.Del. Jun. 5, 2012)(finding that plaintiff's assignment by Kelly Services as a temporary worker for UPS did not qualify as an employee-employer relationship)(citing Shah).

Defendant, LVHN." Compl., Doc. No. 1 at ¶ 27 (emphasis added). She goes on to say that LVHN "deliberately and intentionally targeted [her] *for termination by Aaron Resources* by demanding that *Aaron Resources fire her*, causing the termination of Plaintiff…." Id. at ¶ 30 (emphasis added). From these statements alone (the few "factual allegations" the plaintiff offers to support this claim), it is clear that Aaron Resources dictated the terms of the plaintiff's employment, not LVHN.[18] Like Fields, the plaintiff specifically states that she "began working" for Aaron Resources and that Aaron Resources "assigned her" to LVHN. Id. at ¶ 6. As the plaintiff makes clear in her complaint, she was an employee of Aaron Resources.[19]

Even if LVHN could be considered an employer for the purposes of the retaliation claim, she offers only conclusory allegations to connect her firing by Aaron to the complaint she made to Arnold's supervisor at LVHN.[20] This is not enough under Rule 12(b)(6) to state a claim of retaliation.[21] See Ashcroft v. Iqbal, 556 U.S. 662, 681-82

[18] See Faush v. Tuesday Morning, Inc., 995 F.Supp.2d 350, 353 (E.D. Pa. 2014)("Tuesday Morning has never had the authority to terminate plaintiff's employment with Labor Ready.").

[19] The fact that LVHN had an "on-going business relationship" with Aaron Resources and that this relationship was governed by "contract" does not little to change this relationship. Compl., Doc. No. 1 at ¶¶ 5, 27. In fact, it further bolsters the point that there is no privity between the plaintiff and LVHN.

[20] The plaintiff does not state the date on which she complained to Arnold's supervisor. She also does not state the date on which she applied for the position allegedly giving rise to the discriminatory act. From the facts that are alleged, it appears that the complaint happened within the two months before she was terminated—if she applied in July 2012 and then was terminated on August 23, 2012. While it is true the plaintiff's termination may have been close in time to her complaint (how close is unclear from the complaint), this temporal proximity would not be enough to show causation without more, unless it was immediate (which has not been alleged). See Blakney v. City of Philadelphia, No. 12–6300, 2013 WL 2411409, at *4 (E.D. Pa. Jun. 4, 2013)(discussing when temporal proximity alone is enough to show causation and when more is needed under Third Circuit caselaw).

[21] The plaintiff's simple allegations regarding her opposition to age discrimination are also scant. In her complaint, she simply states that she complained to Arnold's supervisor after she was not offered the full-time position. Compl., Doc. No. 1 at ¶ 5. In her EEOC charge she states that she "complained about discrimination to [Arnold's] boss" after a "substantially younger" person was hired in the full-time position, instead of her. Doc. No. 8, Ex. A. Taken together, these facts may show that she opposed *age* discrimination in LVHN's failure to hire her. See Moore

(2009)("A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.")(quoting Twombly, 550 U.S. at 555). See also Wade v. Donahoe, Nos. 11–3795, 11–4584, 2012 WL 3844380, at *8-10 (E.D. Pa. Sept. 4, 2012)(dismissing plaintiff's retaliation claims because "there are no factual allegations… to support or infer the conclusion that the USPS was retaliating against her…."); Lott v. Children's Hosp. of Philadelphia, No. 10–04088, 2010 WL 5186167, at *2-3 (E.D. Pa. Dec. 22, 2010)(dismissing plaintiff's retaliation claim because the plaintiff "must set out factual allegations to establish more than a 'mere possibility' that the actions taken by CHOP could constitute retaliation.")(citing Iqbal).

The plaintiff has failed to state a retaliation claim under the ADEA.[22] Count II should also be dismissed.[23]

## IV. CONCLUSION

v. City of Philadelphia, 461 F.3d 331, 343 (3d Cir. 2006). But typically more facts than that are needed to show that the plaintiff's opposition was clear and unequivocal, giving rise to a retaliation claim. See id.

[22] The plaintiff also does not allege that Aaron, who terminated the plaintiff, had any knowledge of the plaintiff's complaint of employment discrimination to Arnold's supervisor. See Farzan v. Vanguard Group, Inc., No. 14–1340, 582 Fed.Appx. 105, 109 (3d Cir. Sept. 24, 2014)(finding that district court properly rejected plaintiff's retaliation claim because he failed to demonstrate that a decisionmaker at the staffing agency with which he was employed was aware of his threat to file an EEOC complaint if he was terminated from his job). The plaintiff simply states that the plaintiff was terminated "solely because Plaintiff applied for the fulltime position as Simulation Technician with Defendant after Deborah Arnold told her not to apply." The complaint then states that the plaintiff also complained to Arnold's supervisor about discrimination. From these two allegations, the complaint concludes that "the rationale" for *Arnold* demanding that the plaintiff be fired from Aaron was derived from these two allegations, thereby making the termination from Aaron retaliatory. Not only are these allegations "conclusory" (and somewhat contradictory), but they also give no indication that Arnold or her supervisor informed Aaron of the plaintiff's complaint of age discrimination.

[23] See Shah v. Wisconsin, No. 11–0419, 2011 WL 5192127, at *3 (D.N.J. Oct. 31, 2011)("While the Court notes that, generally speaking, 'the precise contours of an employment relationship can only be established by a careful factual inquiry,' … in this case the Plaintiffs have alleged no fact or set of facts indicative of such a relationship. Therefore these claims must be dismissed. This Court need not accept conclusory allegations proffered in the Plaintiffs' Complaint.")(citing Graves v. Lowery, 117 F.3d 723, 729 (3d Cir. 1997); Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009)).

For the foregoing reasons, I will dismiss the plaintiff's complaint under Rule 12(b)(6).

An appropriate Order follows.