# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY CAULER,<br>          Plaintiff,<br><br>v.<br><br>LEHIGH VALLEY HOSPITAL, INC.,<br>d/b/a LEHIGH VALLEY HOSPITAL &<br>HEALTH NETWORK,<br>          Defendant. | CIVIL ACTION<br><br>No. 15-cv-01082 |

## M E M O R A N D U M

**Stengel, J.**                                                                             **June 17, 2015**

      This is an age discrimination case involving a former temporary employee assigned to work at Lehigh Valley Hospital and Health Network through a staffing agency. The plaintiff alleges she was not hired full-time by the defendant because of her age and then was terminated from her job with the staffing agency after she complained about the initial age discrimination. The defendant moved to dismiss under Rule 12(b)(6). I granted this motion and dismissed the complaint. See Doc. No. 13, 14.

      The plaintiff then filed a motion for reconsideration. "The purpose of a motion for reconsideration…is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "The scope of a motion for reconsideration…is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Because federal courts have a strong interest in

1

the finality of judgments, courts should grant motions for reconsideration sparingly. See, e.g., Continental Cas. Co. v. Diversified Industries, Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995); Roofers Local No. 30 Combined Pension Fund v. D.A. Nolt, Inc., 719 F.Supp.2d 530, 554 (E.D. Pa. 2010); Jones v. Philadelphia Parking Authority, No. 11–4699, 2011 WL 4901291, at *1 (E.D. Pa. Oct. 14, 2011).

A motion for reconsideration is appropriate if the party seeking reconsideration shows at least one of the following: 1) an intervening change in controlling law; 2) new evidence not available when the court made its decision; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The plaintiff does not cite this standard nor specify what grounds warrant reconsideration. The court is left to "guess" at what basis reconsideration would be appropriate.

The plaintiff offers no intervening change of controlling law. She offers "new" evidence by way of adding facts to her claim which were not presented in her original complaint.[1] She does not explain how this information is "new" nor why it could not have been presented previously. The plaintiff filed her complaint on March 3, 2015. The defendant filed a motion to dismiss a month later, pointing out the deficiencies in the complaint which warranted dismissal. The plaintiff could have then amended her complaint, as a matter of right, to cure those deficiencies. She did not. Instead, she filed a

---

[1] In the motion for reconsideration, the plaintiff recognizes that the court "specifically noted the [the complaint] needed several additional facts for its inquiry" and *now* "has prepared a proposed Amended Complaint which answers these questions…" Doc. No. 15 at ¶¶ 5, 12.

2

response to the motion to dismiss, simply regurgitating the facts already offered in her complaint. The court rendered its decision on May 14, 2015. At no point during the month that the motion to dismiss was pending did the plaintiff request leave to file an amended complaint.[2]

The plaintiff argues that the court "misapplied" the "plausibility" pleading standard proscribed by Twombly. I am assuming the plaintiff is arguing that this some sort of "clear error of law or fact." Though the plaintiff begins his argument with Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), he then moves on to argue the law under McDonnell Douglas. He claims that the "record is a one-sided presentation" because the defendant has not provided a "reasonable, non-discriminatory reason for the Plaintiff's non-selection." See Doc. No.15 at 5. Accordingly, he claims "[i]n the absence of a proffered reason, it is respectfully submitted that the Plaintiff's Complaint met the 'plausibility' standard." See Doc. No.15 at 5.

It is the plaintiff who misapplies the law. In her complaint, the plaintiff must plead a *prima facie* claim of discrimination. After she has met this burden, the burden *then* shifts to the defendant to provide a legitimate, non-discriminatory reason for not hiring the plaintiff. The defendant is not required to articulate such a reason before the plaintiff has made out a *prima facie* case. I found that the plaintiff did not offer enough facts to establish a *prima facie* case.

---

[2] Plaintiff's counsel is very familiar with the procedures of this court. He is well aware that request for leave to file an amended complaint is a request he could have made, in the alternative, to his opposition to the motion to dismiss.

The plaintiff also argues that I erred in not granting her leave to file an amended complaint. The plaintiff never asked for leave to file an amended complaint before I rendered my decision. How I erred in not granting leave which was never requested is beyond me. The plaintiff is represented by counsel who is well aware of the procedures of this court.[3]

The plaintiff also points to caselaw about when a defendant is considered a "joint employer" as related to the plaintiff's retaliation claim.[4] The plaintiff makes no argument about how this caselaw would require a change in my decision. She simply states the law and leaves it there for the court to interpret. I again am left to guess at whether this is an intervening change in controlling law (which it is not), whether it's some sort of legal error (I see none), or something else. One reason why I dismissed plaintiff's retaliation claim is that the plaintiff did not offer evidence to show that the defendant was the plaintiff's employer. I made that decision based on the plaintiff's *own* allegations stating the contrary. I see nothing in this proffered caselaw that would require me to reconsider that decision.

The plaintiff essentially did not agree with my prior decision and wants a "second bite at the apple." See, e.g., Bhatnagar by Bhatnagar v. Surrendra Overseas, 52 F. 3d

---

[3] It seems the plaintiff is arguing I should have granted leave to amend the complaint because the complaint was factual insufficient. While this may be appropriate when a plaintiff is proceeding *pro se*, the plaintiff is represented by counsel. I am not required to liberally construe the plaintiff's pleadings and grant leave *sua sponte* under such a situation.

[4] I note that the same point the plaintiff raises is one I already considered in the motion to dismiss.

1220, 1231 (3d Cir. 1995).[5] Reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D.Del. 1990). See also Bhatnagar, 52 F. 3d at 1231(quoting Brambles with approval). A motion for reconsideration is not a vehicle through which the court corrects mistakes made through a plaintiff's lack of diligence. See W.S. Intern., LLC v. M. Simon Zook, Co., No. 11–3014, 2013 WL 638616, at *2 (E.D. Pa. Feb. 20, 2013)(Stengel, J.).

For these reasons, I will deny the plaintiff's motion for reconsideration.

---

[5] See Bhatnagar by Bhatnagar v. Surrendra Overseas, 52 F. 3d 1220, 1231 (3d Cir. 1995)("Surrendra's motion for reconsideration strikes us as a classic attempt at a 'second bite at the apple.' Having failed in its first effort to persuade the court to dismiss on *forum non conveniens* grounds, Surrendra simply changed theories and tried again, contradicting its earlier evidence with its factual support for the new theory."); Roofers Local No. 30 Combined Pension Fund v. D.A. Nolt, Inc., 719 F.Supp.2d 530, 554 (E.D. Pa. 2010)("Dissatisfaction with the Court's ruling is not a proper basis for reconsideration.")(citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)).